**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656

Attorney for Plaintiff,
TODD MURPHY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD MURPHY, an individual;<br><br>Plaintiff,<br><br>vs<br><br>KING SIZE PRODUCTIONS, a California corporation,;<br>CBS STUDIOS INC., a Delaware corporation;<br><br>Defendants. | CASE NO. 2:22-cv-00189-MWF (KSx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: March 14, 2022<br>Time: 10:00 a.m.<br>Courtroom: 5A<br>Judge: Michael W. Fitzgerald<br><br>Action Filed: January 10, 2022 |

OPPOSITION TO MOTION TO
DISMISS

## TABLE OF CONTENTS

I. **INTRODUCTION**......................................................................................1

II. **FACTUAL AND BACKGROUND.**..........................................................1

II. **PROCEDURAL HISTORY**......................................................................2

IV. **LEGAL STANDARD**...............................................................................3

V. **LEGAL ARGUMENT**...............................................................................4

    A. Plaintiff Set Forth A Valid Claim For Trademark Infringement..................................................................................4

    B. Plaintiff Set Forth A Valid Claim For Trade Libel..................6

    C. Plaintiff Set Forth A Valid Claim For False Light and Infliction of Emotional Distress................................................7

VI. **CONCLUSION**.........................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
129 S. Ct 1937 (2009)..................................................................................................3

*Frith v. Guardian Life Ins. Co. of Am*
9 F.Supp.2d 734. (S.D. Tex. 1998)............................................................................3

*Lazy Y. Ranch LTD v. Behrens*................................................................................*4*

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
551 U.S. 308 (2007)..................................................................................................4

*Knievel v. ESPN*
393 F.3d 1068 (9th Cir. 2005)...................................................................................4

*A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*
237 F.3d 198 (3rd Cir. 2000).....................................................................................4

*1-800 Contacts, Inc. v. WhenU.com, Inc*
414 F.3d 400 (2d Cir. 2005).......................................................................................5

*City of Costa Mesa v. D'Alessio Investments, LLC*
(2013) 214 Cal.App.4th 358......................................................................................6

*J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*
(2016) 247 Cal.App.4th 87........................................................................................6

*Shores v. Chip Steak Co.*
(1955) 130 Cal.App.2d 627.......................................................................................6

*Jackson v. Mayweather,*
(2017) 10 Cal.App.5th 1240......................................................................................7

*Fellows v. National Enquirer*
(1986) 42 Cal.3d 234............................................................................................7-8

**STATUTES, RULES, AND REGULATIONS**

Fed R. Civ. P. 12(b)(6)..........................................................................................3

## I. INTRODUCTION

Plaintiff Todd Murphy hereby responds to Defendants King Size Products and CBS Studios, Inc's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth more fully below, the Court should deny Defendants' motion because Plaintiff properly pled its claims set forth in its Complaint, including its causes of action for Trademark Infringement, Trade Libel, False Light, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress and Defendants' arguments to the contrary are devoid of any factual foundation and are unsupported by the law.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint centers upon a product called the God Helmet, which was invented by the late Michael Persinger, who served as professor of psychology at Laurentian University in Ontario, Canada and who was one of the inventors of the God Helmet, a device which Plaintiff, Todd Murphy, acquired ownership of and who now holds trademark on this product.

On or about September 26, 2019, Defendants released the first season of their show, Evil, on Paramount+. The show is based on themes involving religion, the supernatural and the paranormal and centers on a group of individuals working for the Catholic Church and who are tasked with investigating reports of supernatural and mystical events.

On or about September 5, 2021, Defendants aired the eighth episode of Season 2 of Evil, which episode was titled 'B is for Brain.' The episode itself is focused on Plaintiff's trademarked device and is referred to in the episode itself as the 'God Helmet.' The entirety of this episode centers on Plaintiff's device and its severe adverse effects upon its users, causing psychological disturbances to those

wearing this device and inducing visions of supernatural, psychologically disturbing, and terrifying images.

In airing this episode, in making direct reference to Plaintiff's trademarked product, using the trademarked name 'God Helmet,' Defendants engaged in trademark infringement, as Plaintiff, Todd Murphy, acquired ownership of the trademark on or about June 1, 2021, prior to the airing of this episode.

Additionally, the fact that Plaintiff had acquired ownership of this trademark was publicly known and available and would have been discovered by an easy search using the Trademark Electronic Search System, which is a website operated by the United States Patent and Trademark Office and allows members of the public to easily perform a search of trademarked products, as well as allowing members of the public to easily and quickly identify the owners of trademarked products, including goods and services. It is therefore clear, based on the foregoing facts and based on the allegation set forth in the Complaint that Defendants engaged in trademark infringement in violation of federal law, including relevant federal statutes and case law.

Further, by disparaging Plaintiff's product and falsely depicting it as a harmful device causing harm to its users, Defendants also engaged in Trade Libel and False Light in violation of California law.

Lastly, by engaging in the aforementioned activities, Defendants engaged in extreme and outrageous conduct causing Plaintiff severe emotional distress, thereby intentionally inflicting emotional distress on Plaintiff.

## III. PROCEDURAL HISTORY

On or about January 10, 2022, Plaintiff filed his Complaint in this Court alleging that Defendants infringed on his trademark to the God Helmet in violation of federal law, as well as committing the torts of Trade Libel, False Light, and

intentional and/or negligent infliction of emotional distress in violation of California law.

On or about February 4, 2022, Defendants filed their motion to dismiss Plaintiff's Complaint pursuant to Fed Rule of Civ Proc. §12(b)(6), as well as concurrently filing their special motion to strike several of the Complaint's causes of action.

## IV. LEGAL STANDARD

### A. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a cause of action set forth in a complaint may be dismissed when that cause of action fails to state a claim upon which relief can be granted. In order for a Plaintiff to prevail on such a motion, the complaint must satisfy two criteria: it must assert a plausible claim and it must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal* 129 S. Ct 1937, 1949-1950 (2009, "*Iqbal*") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007, "*Twombly*"); see also *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 737-738 (S.D. Tex. 1998), which explained that dismissal can either be based on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

For a plaintiff to meet and satisfy the legal standard articulated in *Iqbal* and *Twombly*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal* (citing *Twombly*, 550 U.S. at 570). A claim possesses facial plausibility when the plaintiff pleads sufficient factual content which would permit a court to draw a reasonable inference that the defendant is liable under the alleged claim. *Id.* (citing *Twombly*, 550 U.S. at 556).

"A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth." *Id.* at 1950.

Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id.* Even if a court were to decide that the factual allegations are entitled to an assumption of truth, the facts must also "plausibly suggest an entitlement to relief." *Id.* at 1951.

In considering a motion to dismiss for failure to state a claim pursuant to Fed Rule of Civ. Proc. 12(b)(6), a Court must accept the allegations as true and it must construe allegations in a light most favorable to the party opposing the motion to dismiss. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

A Court may, in determining the merits of a motion to dismiss, refer to material that is judicially noticed as well as documents incorporated into a Complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Knievel v. ESPN*, 393 F.3d 1068, 1076-1077 (9th Cir. 2005)

## V. LEGAL ARGUMENT

### A. Plaintiff Set Forth A Valid Claim For Trademark Infringement

Trademark is a federal issue which is governed by a federal statute, 15 U.S.C. §1051, et seq (otherwise known as the "Lanham Act"). This is the primary federal statute dealing with trademark and it governs the law of trademark as well as prohibiting specific activities, including trademark infringement and dilution, as well as other related activities.

For a Plaintiff to establish a claim pursuant to the Lanham Act, that Plaintiff must demonstrate that (1) it has a valid and legally protected trademark; (2) it owns the trademark; and (3) the defendant's use of the trademark is likely to cause confusion. *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198 (3rd Cir. 2000)

A Plaintiff who seeks to prevail on a claim for trademark infringement must establish that it has a valid trademark entitled to protection and that Defendants used the same or similar mark in commerce in connection with the sale or

advertising of goods or services without the Plaintiff having consented to these activities.

A Plaintiff must also show that Defendants' use of the mark would likely cause confusion as to affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff. *1-800 Contacts, Inc. v. WhenU.com, Inc.*.

The three elements which are necessary to establish a claim for trademark infringement are "use," "in commerce," and "likelihood of confusion." "Use" means that a Defendant has made use of the trademark. "In commerce" means that the Defendant has infringed on Plaintiff's trademark in a way that has a substantial effect on interstate commerce. " (including, for example, broadcasting on television or other media or streaming service that is distributed across several states or nationwide). "Likelihood of confusion" means that a consumer viewing the infringing mark would likely assume that the product it represents is associated with the source of a different product or service identified with a similar mark.

In the instant case, Plaintiff has fully established that Defendants engaged in a prima facie violation of the Lanham Act. First, Defendants engaged in use of Plaintiff's trademark as they explicitly referred to Plaintiff's product by name and the entire episode centered on Plaintiff's trademarked product. Second, Defendants' trademark infringement had a substantial effect on interstate commerce as it was aired on Paramount+, which is a streaming service which is available nationwide, throughout the United States, and all programs and episodes on this streaming service are viewed by people domiciled in multiple states. Third, a likelihood of confusion exists in Defendants' infringement of Plaintiff's trademark.

///

///

///

### B. Plaintiff Set Forth A Valid Claim for Trade Libel

The tort of trade libel is a form of injurious falsehood similar to slander of title.

"Trade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner. The tort encompasses 'all false statements concerning the quality of services or product of a business which are intended to cause that business financial harm and in fact do so. To constitute trade libel, a statement must be false.": *City of Costa Mesa v. D'Alessio Investments, LLC* (2013) 214 Cal.App.4th 358, 376

"To constitute trade libel the statement must be made with actual malice, that is, with knowledge it was false or with reckless disregard for whether it was true or false." *J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP* (2016) 247 Cal.App.4th 87, 97

"The distinction between libel and trade libel is that the former concerns the person or reputation of plaintiff and the latter relates to his goods." *Shores v. Chip Steak Co.* (1955) 130 Cal.App.2d 627, 630

In the instant case, Plaintiff has satisfied his burden of setting forth a legally sufficient claim for trade libel in that he alleged in his Complaint that Defendants aired an episode that "depict[s] negative experience to its users, giving its viewers a false depiction of the true purpose of the real God Helmet. The episode leaves the characters that used the helmet with anxiety, frustration, visions of hell, and claims that it reduces spirituality, in conflict with Plaintiff's published research and studies." Complaint, ¶17

Further in the Complaint, it is alleged that "Defendants' CBS and KING's statement that the God Helmet would make users see demons, hell, traumatic events and experience loss of spirituality. Complaint, ¶31

Further, the Complaint set forth sufficient facts to establish that Defendants made statements knowing that they were true or in reckless disregard of whether the statements were true in that the Complaint states that "Defendants...conducted research into the God Helmet because they knew of its existence, how it worked, and that it was trademarked. Therefore Defendants knew their statement and depictions of the God Helmet were untrue and acted in reckless disregard of the truth or falsity in order to create an episode to attract and engage viewers." Complaint, ¶32

The Complaint also met all other elements necessary to establish a legally sufficient claim for Trade Libel in that it alleged that Defendants knew or should have known that viewers might act in reliance upon the statements causing Plaintiff financial loss.

Lastly, the Complaint set forth sufficient facts showing that Plaintiff did in fact incur financial loss in that it stated that "Plaintiff's sales of his version of the God Helmet device have decreased since the episode's airing because viewers relied on Defendants' CBS and KING's false statements. Furthermore, "Evil" is the at the top of the Google page when consumers search for "God Helmet". Complaint, ¶34

**C. Plaintiff Set Forth Valid Claims For False Light And Infliction Of Emotional Distress**

"False light is a species of invasion of privacy, based on publicity that places a plaintiff before the public in false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1264

"In order to be actionable, the false light in which the plaintiff is placed must be highly offensive to a reasonable person. Although it is not necessary that the plaintiff be defamed, publicity placing one in a highly offensive false light will in

most cases be defamatory as well." *Fellows v. National Enquirer* (1986) 42 Cal.3d 234, 238-239

In the instant case, Defendants set forth sufficient facts and set forth all the legal elements necessary to sustain a viable claim for False Light.

The Complaint states that "Defendants...publicly portrayed Plaintiff's device in a false light by making it seem that the God Helmet would leave long lasting negative effects to its users, including but not limited to seeing demons, experiencing hell, reliving traumatic experiences, and loosing spirituality." Complaint, ¶39

"The false light created by Defendant's... disclosure was and is highly offensive to a reasonable person in Plaintiff's position.'" Complaint, ¶40

"There is clear and convincing evidence that Defendants CBS and KING did research for their episode because Defendants knew of the God Helmet, the way the helmet works, and the trademark. Therefore Defendants knew the depictions and statements would create a false impression about Plaintiff's device and trademark." Complaint, ¶41

The Complaint further alleged that Plaintiff was harmed and Defendants' conduct was a substantial factor in causing said harm. Complaint, ¶ ¶42-43

Therefore, all of the legal elements were sufficiently alleged and furthermore, the Complaint clearly set forth and stated how Defendants' disparagement of Plaintiff's product placed the product in a false light.

Similarly, Plaintiff sufficiently alleged causes of action for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress in that the Complaint set forth all of the necessary legal elements necessary to sustain these two causes of action, establishing what conduct occurred, the harm caused to Plaintiff, and the nexus between Defendants' conduct and the harm caused, as well

as alleging that Defendants engaged in extreme and outrageous conduct in making false representations about Plaintiff's product.

## VI. CONCLUSION

As set forth above, Plaintiff properly pled his causes of action based on federal trademark infringement law and based on allegations under California law. Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss in accordance with the foregoing arguments, authority cited, and facts presented in support of this opposition.

Alternatively, in the event that this Court determines that Defendants' motion to dismiss should be granted either in whole or in part, Plaintiff respectfully requests to be given the opportunity to amend its Complaint to address and correct any perceived deficiencies.

Respectfully submitted,

Dated: February 22, 2022        LAW OFFICES GARY R. CARLIN, APC

By /s/ Gary R. Carlin
Gary R. Carlin
Attorneys for Plaintiff,
TODD MURPHY