UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-00189-MWF (KSx) | Date: | March 17, 2022 |
| Title: | Todd Murphy v. King Size Productions et al | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER RE: DEFENDANTS' MOTION TO DISMISS COMPLAINT [9]; DEFENDANTS' MOTION TO STRIKE [10]

Before the Court are two motions:

The first is Defendants King Size Productions and CBS Studios Inc's Motion to Dismiss Complaint (the "Motion"), filed on February 4, 2022. (Docket No. 9). Plaintiff Todd Murphy filed an Opposition on February 22, 2022. (Docket No. 17).

The second is Defendants' Motion to Strike, filed on February 4, 2022. (Docket No. 10). Plaintiff filed an Opposition on February 22, 2022. (Docket No. 18).

Defendants filed a consolidated Reply in support of both motions on February 28, 2022. (Docket No. 19).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **March 14**, **2022,** pursuant to General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

For the reasons set forth below, the Motion to Dismiss is **GRANTED** *with leave to amend*. The Motion to Strike is **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-00189-MWF (KSx)　　　　　Date:  March 17, 2022
Title:　　　Todd Murphy v. King Size Productions et al

## I.　　BACKGROUND

Defendants produce a fictional television show named "Evil" that airs on a streaming platform called Paramount+.  (Complaint ¶¶ 8–9 (Docket No. 1)).  On or about June 20, 2021, Defendants released season two of the show, which includes an episode called "B is for Brian" (the "Episode").  (*Id.* ¶ 10).

The Episode revolves around a device called the "God Helmet."  (*Id.*).  The characters who use the device see demons, relive traumatic experiences, and experience a loss of spirituality.  (*Id.* ¶ 14).

At the beginning of the Episode, a character referenced the device by saying, "oh right, the God Helmet," to which another character responded, "actually that's trademarked so we've been asked not to call it that."  (*Id.* ¶ 16).  While the show itself is fictional, its reference to the God Helmet trademark was not.

Plaintiff Todd Murphy owns the God Helmet trademark under U.S. Registration Number 6368592.  (*Id.* ¶ 11).  Plaintiff has published multiple research papers and a book on the God Helmet, and he sells his own version of the device through his website.  (*Id.* ¶ 13).

Plaintiff's God Helmet is a device that subtly stimulates the temporal lobes with magnetic signals to create altered states of mind, simulating a religious experience for its users.  (*Id.* ¶ 12).  In the Episode, Plaintiff claims the God Helmet was portrayed as a torture device, misleading viewers as to the real purpose of the product.  (*Id.* ¶¶ 14, 17).

Plaintiff filed this action, bringing claims for (1) trademark infringement, (2) trade libel, (3) false light, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress.  (*Id.* ¶¶ 17–58).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-00189-MWF (KSx)          **Date:** March 17, 2022
**Title:** Todd Murphy v. King Size Productions et al

## II. LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

At the outset, it is important to make clear that the television show "Evil" is unquestionably fictional. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 22-00189-MWF (KSx) | Date: March 17, 2022 |
| Title: | Todd Murphy v. King Size Productions et al | |

sources . . . in particular, documents incorporated into the complaint by reference."). In the Episode, for example, viewers follow the characters through hallucinogenic memories, including one such instance where a character was found being eaten alive. (Mot. at 14) (citing Episode at 34:00).

The show "Evil" is also unquestionably an expressive work. *See Twentieth Century Fox Television v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017) (finding the television show "Empire" is "clearly an expressive work").

### A. **Trademark Infringement**

"In general, claims of trademark infringement under the Lanham Act are governed by a likelihood-of-confusion test." *Id*. (citing *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 900 (9th Cir. 2002). When the alleged infringement occurs within an expressive work, however, the Ninth Circuit applies the *Rogers* test to determine if the Lanham Act applies. *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989).

The Court treats expressive works differently because (1) they implicate the First Amendment right of free speech, which must be balanced against the public interest of avoiding customer confusion; and (2) consumers are less likely to mistake the use of someone else's mark in an expressive work for a sign of association, authorship, or endorsement. *Id*. (citing *Rogers*, 875 F.2d at 997–1000 (2d Cir. 1989).

"Under the *Rogers* test, the title of an expressive work does not violate the Lanham Act unless the title has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work." *Id*. (internal quotation omitted). Here, if the God Helmet has artistic relevance to the Episode and does not explicitly mislead as to the source of the work, the Lanham Act will not apply.

Defendants claim that both prongs under *Rogers* are easily met, and therefore, the Lanham Act does not apply. First, the God Helmet is of artistic relevance to the Episode because the Complaint specifically concedes that the God Helmet is the "main focus" of the Episode. (Complaint ¶ 10). Second, the Episode's depiction of the God

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-00189-MWF (KSx) | **Date:** March 17, 2022 |
| **Title:** Todd Murphy v. King Size Productions et al | |

Helmet does not explicitly mislead viewers as to the source of the work because there are no overt clams of endorsement and the Episode makes clear that the fictional device is not the same as the "trademarked" God Helmet. (Episode at 7:05).

Plaintiff does not even mention the *Rogers* test in his Opposition, nor does he counter any of Defendants' arguments. This failure alone justifies dismissal on grounds of abandonment. *Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 696 n.12 (S.D. Cal. 2016) ("Where a plaintiff declines to defend a claim in opposition, the Court is within its discretion to treat plaintiff's silence as abandonment of the claim and concession that the claim be dismissed.").

Nonetheless, the Court also reaches the merits and, of course, rules that Defendants' arguments based on *Rogers* are correct. Accordingly, the Motion is **GRANTED** as to Plaintiff's claim for trademark infringement.

### B. Trade Libel

"Trade libel is generally defined as 'an intentional disparagement of the quality of property, which results in pecuniary damage to plaintiff.'" *Muddy Waters, LLC v. Superior Ct.*, 62 Cal.App.5th 905, 925, 277 Cal.Rptr.3d 204 (2021). While a cause of action for trade libel resembles that for defamation, it differs materially in that the plaintiff bears a greater burden of proof and there is a necessity for special damages in all cases. *Id*. "At a minimum, a trade libel cause of action requires: (1) a publication; (2) which induces others not to deal with plaintiff; and (3) special damages." *Id*.

Plaintiff must also satisfy the "of and concerning" doctrine because the claim is based on an alleged injurious falsehood of a statement. *Blatty v. N.Y. Times Co.*, 42 Cal. 3d 1033, 1045-46 (1986). Under the doctrine, a plaintiff has a right of action for injurious falsehood, such as libel, only when the plaintiff is the direct object of criticism and there is no confusion that the plaintiff is the one being criticized. *Eastman v. Apple, Inc.*, No. 18-CV-05929-JST, 2019 WL 3934805, at *7 (N.D. Cal. Aug. 20, 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-00189-MWF (KSx) | **Date:** March 17, 2022 |
| **Title:** Todd Murphy v. King Size Productions et al | |

Defendants claim that Plaintiff fails to meet the "of and concerning" doctrine requirements because, in the context of a fictional television show, no reasonable viewer would understand that the device from the Episode was in fact the device that Plaintiff offers for sale. The Court agrees with Defendants.

Again, Plaintiff's Opposition fails to address this argument whatsoever, indicating abandonment. Again, the Court rules Defendants' arguments based on "of and concerning" persuasive on the merits. The Court need not reach Defendants' arguments concerning actionable statements and special damages.

Accordingly, the Motion is **GRANTED** as to Plaintiff's claim for trade libel.

### C.     Derivative Claims

Plaintiff's additional claims for false light, intentional infliction of emotion distress, and negligent infliction of emotional distress all fail with Plaintiff's trade libel claim. Because each claim arises from the same alleged injurious falsehoods, they are subject to all the same defenses. *See Blatty*, 42 Cal. 3d at 1042 (constitutional protections "apply to all claims whose gravamen is the alleged injurious falsehood of a statement" and "[this] protection does not depend on the label given the stated cause of action").

Accordingly, the Motion is **GRANTED** as to Plaintiff's claims for false light, intentional infliction of emotion distress, and negligent infliction of emotional distress.

### D.     Leave to Amend

At the hearing, counsel for Defendants argued that this action should be dismissed in its entirety because leave to amend would be futile; the events giving rise to the claims in this action are wholly contained within the Episode, so the facts available to Plaintiff are limited to the Episode's reference and use of the God Helmet.

While the Court agrees that Plaintiff's success may be unlikely under the circumstances, Plaintiff will be granted one opportunity to amend his Complaint. This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-00189-MWF (KSx)          **Date:**  March 17, 2022
**Title:**    Todd Murphy v. King Size Productions et al

will be Plaintiff's one and only opportunity.  Moreover, if a subsequent motion to dismiss is successful, the Court will consider Defendant's previously filed Motion to Strike (Docket No. 10), which may leave Plaintiff responsible for Defendant's legal fees.

## IV. CONCLUSION

Defendants' Motion to Dismiss is **GRANTED** *with leave to amend*.  The Motion to Strike is **DENIED** *as moot*.

Plaintiff's amended complaint is due on or before **April 18, 2022**.

IT IS SO ORDERED.